IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

AMERICAN GENERAL FINANCIAL SERVICES, INC.,
MERIT LIFE INSURANCE COMPANY, AND
YOSEMITE INSURANCE COMPANY,                    PLAINTIFFS,

VS.                                CIVIL ACTION NO. 2:04CV318-P-B

ELNORA MADKINS, COLLIE PEARSON, AND
DENNIS PEARSON,                                          DEFENDANTS.

**FINAL JUDGMENT**

These matters come before the court upon Plaintiffs' Motion to Compel Arbitration [2-1] and Defendants' Motion to Dismiss the Petition to Compel Arbitration [13-1]. Upon due consideration of the motions and the responses filed thereto the court finds as follows, to-wit:

1. Defendant's Motion to Dismiss the Petition to Compel Arbitration

The plaintiffs' right to file the instant petition to compel arbitration pursuant to the Federal Arbitration Act has not been waived because, viewed in light of the "strong presumption against finding a waiver of arbitration" pursuant to *Republic Insurance Company v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004), the removal of the underlying case of *Pearson, et al. vs. American General Financial Services, et al.*, Civil Action No. 2:03cv43-B-A to the United States District Court for the Northern District of Mississippi and the remand-related activities conducted therein do not constitute substantial invocation of the judicial process by the plaintiffs to justify a waiver. *See Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995).

The defendants also argue that rather than filing the instant petition with this court, the

petitioners should have asserted their arbitration claims as compulsory counterclaims in the underlying action. This argument is unavailing since such a practice would result in the practical invalidation of the Federal Arbitration Act, 9 U.S.C. § 4 by Federal Rule of Civil Procedure 13. The defendant has cited no authority to mandate this conclusion.

Thus leaves the first-to-file rule which holds that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). This is a discretionary doctrine. In any event, invocation of the first-to-file rule is now moot given that the underlying *Pearson* case that had been pending in this district has been remanded by order of Judge Neall Biggers dated March 19, 2004. Therefore, there are not two related cases pending before two federal courts.

Accordingly, the defendants' motion to dismiss the petition to compel arbitration should be denied.

2. Plaintiffs' Motion to Compel Arbitration

It is undisputed that the defendant borrowers, Elnora Madkins, Collie Pearson, and Dennis Pearson signed the subject arbitration agreements. It is also undisputed that the agreements cover the issues involved in the underlying state action of *Pearson, et al. vs. American General Financial Services*. The only thing disputed with respect to the instant motion to compel arbitration is whether the agreements are void on the grounds of unconscionability, lack of consideration, and non-disclosure – arguments the defendant borrowers set forth in their original state-court complaint.

The Supreme Court has consistently held that "due regard must be given to the federal

policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

The court concludes that the plaintiffs are correct that arbitration should be compelled and that the underlying legal proceedings in state court should be stayed with respect to the claims of Elnora Madkins, Collie Pearson, and Dennis Pearson. The borrowers argue that they "have not attacked the prospective enforceability of the arbitration agreements or the entire loan and insurance contracts; rather, they have attacked the validity of the arbitration clauses and their formation *ab initio*." Defendants' Response at 3. Indeed, the very premises underlying the theories of recovery set forth in the underlying *Pearson* case presuppose the existence of a contract entered into by the lenders and borrowers. Thus, "where the existence of the contract is not in question, the court must examine whether the allegations made by the party resisting arbitration challenge the 'making of the agreement to arbitration itself,' as opposed to 'allegations regarding the contract as a whole.'" *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 430 (5th Cir. 2004) (citations omitted).

In other words "[o]nly if the allegations concern solely the arbitration term and are not generally applicable to the agreement as a whole may the district court properly adjudicated the enforceability of the arbitration clause." *Id*. Though the borrowers single out the validity of the arbitration agreements arguing unconscionability, lack of consideration, and non-disclosure – while admitting that they signed and formed the contracts containing the arbitration clauses – the borrowers have offered no evidence or explanation as to how their defenses to arbitration are not generally applicable to the contracts as a whole. According to the Supreme Court in *Prima Pain*

*Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), this puts the ball in the arbitrator's court, not the district court's.

The borrowers' request for discovery is unavailing because they offer no reason or evidence establishing what, or why, discovery is necessary. Ostensibly, the defenses appear to have no merit given that arbitration clauses in and of themselves are hardly unconscionable – especially when one signs their name right below one. As to lack of consideration, if there is lack of consideration as to the arbitration clause, then this would seem to invalidate the entire contract – the validity of which is not only not disputed by the borrowers but advocated. As to non-disclosure, it is difficult to see any evidence of this when it is undisputed that the borrowers signed the subject contracts containing clear language explaining that any claims would go to an arbitrator and not a court.

In conclusion, whether the arbitration clauses are void from the beginning because of unconscionability, lack of consideration, or non-disclosure goes to the question of the validity of the subject contracts as a whole. The borrowers have not convinced the court that the validity of the arbitration clauses can be separated.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Dismiss the Petition to Compel Arbitration [13-1] is hereby **DENIED**;

(2) Plaintiffs' Motion to Compel Arbitration [2-1] is **GRANTED**; accordingly

(3) The claims of Elnora Madkins, Collie Pearson, and Dennis Pearson asserted against American General Financial Services, Inc., Merit Life Insurance Company, and Yosemite Insurance Company in the underlying case of *Pearson, et al. vs. American General Financial*

*Services, et al.* pending before the Circuit Court of Panola County, Mississippi are hereby

**STAYED** pending the outcome of arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3;

(4) This case is **DISMISSED WITHOUT PREJUDICE** and may be re-filed in the event the defendants do not comply with the order compelling their claims to binding arbitration.

**SO ORDERED** this the 5th day of May, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE